Benjamin Buckman, Appellee, v. John N. Watts, Appellant.

FENCES—*act of 1874 construed.* The act of 1889 in regard to division fences was an amendment of the act of 1874 and became a part of the act of 1874 the same as though originally incorporated therein, and the notice provision of the act of 1874 became applicable to the mandatory portion engrafted by the 1889 act.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911. Rehearing denied June 19, 1911.

STEVENS & BRADFORD and C. F. MORTIMER, for appellant.

HAMILTON & CATRON, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.
Benjamin Buckman was owner of 40 acres of land; adjoining his land on the north, east and south, was the land of John N. Watts. Upon the north and east lines were division fences of growing hedge. The hedge on the north line between their lands had been permitted to grow without trimming for fifteen to twenty years, and on the east line for twenty-five or thirty years. By agreement between Buckman and Watts, the west half of the hedge between them on the north was allotted to Buckman as his portion of the division fence, and the east half to Watts; the north half of the hedge on the east line between them was allotted to Watts as his portion of the division, the south half to Buckman. In the year 1905 between January 1 and May 19, Buckman trimmed or cut down the hedge upon his part of this division fence. After Buckman had done this he served Watts with the following notice:

"To John N. Watts—I hereby give you ten (10) days notice to cut and trim your hedge fences on the south, east and north line of the northwest quarter of the southeast quarter of section twenty-four (24) township sixteen (16) north, range seven (7) west of the third Principal Meridian,

in the county of Sangamon and State of Illinois, as provided by an act of the Legislature of said State, entitled 'An Act to revise the law in relation to fences,' approved March 21, 1874, in force July 1, 1874; and in case you fail or refuse to comply with the provisions of said act, I shall cut and trim said hedges and hold you liable for the costs and damages of such cutting and trimming.          Benj. Buckman."

Watts did not comply with this notice and on August 3, Buckman proceeded to trim the hedge and now seeks to recover the cost thereof according to section 3, chapter 54, Hurd's Revised Statutes, 1905.:

"When two or more persons shall have lands adjoining, each of them shall make and maintain a just proportion of the division fence between them, and if said fence shall be a hedge fence, then the owner or owners of such hedge fence shall, during the year after such hedge has attained the age of seven years, cut back or trim such hedge fence to a height not to exceed four feet, and shall at least once in every two years thereafter, cut back or trim such hedge fence to the height of five feet: *Provided,* that the provisions of this section shall not apply to any hedge fence protecting either an orchard or building or wind-break, not to exceed thirty rods. If the owner or owners of such hedge fence shall fail or refuse to comply with the provisions of this act, on or before the fifteenth day of June in the year that said hedge should be cut or trimmed, any one of the owners of such division fence having complied with the provisions of this act may give the owner or owners, or their agents, of any such uncut or untrimmed hedge, ten days notice, in writing to cut or trim such hedge. And should the owner or owners, or their agents so notified fail or refuse to comply with said act it shall be lawful for the person giving said notice to cut or trim or cause to be cut or trimmed, in accordance with law, and the cost and damage of cutting or trimming such hedge may be recovered off of the owner or owners of such hedge before a justice of the peace or any court of competent jurisdiction."

Watts in defense insists that no sufficient notice was given; also that prior to the year 1905 both parties having permitted the hedge to grow without trimming and Buckman having trimmed his during the fore part of the year 1905, that

Watts, under the statute, had until June 15 of that year in which to trim his hedge before he could be in default and that service of notice on Watts prior to June 15 is not authorized and was of no effect; also that the hedge was trimmed by Buckman to a height of less than 4 feet and that by reason thereof Watts was damaged, and that he desired to maintain the north 30 rods of the east line hedge as a wind-break and was damaged by reason of the destruction of the windbreak and claims the right to recoup such damages under the plea of general issue.

Upon the trial, the jury returned a verdict for the plaintiff upon which judgment was rendered for $17.08, from which this appeal is prosecuted.

It is insisted by appellant that the act of 1874 relating to fences contained no provision regarding division fences, that the provisions of the law relating to division fences was not passed until 1889 and is therefore no part of the act of 1874, and as the notice refers to the statute of 1874 it cannot be considered as a notice under the law of 1889. The act of 1889 was an amendment to the act of 1874 and then became a part of the act of 1874 the same as though originally incorporated therein. Black on Interpretation of Laws, sec. 131; Village of Melrose Park v. Dunnebecke, 210 Ill. 422–432.

Upon the question of the right to recoup damages under the general issue, the trial court properly admitted the evidence of defendant upon this question and this evidence went to the jury for their determination and under the pleadings and the evidence the question of the measure of such damage was submitted to the jury and determined by them by their verdict.

The questions of fact involved in this case as to whether the hedge was a division fence, and whether the various portions had been allotted to plaintiff and defendant to be maintained by them, and whether plaintiff cut or trimmed his portion of the fence, and whether or not there was a failure on the part of defendant to trim or cut his portion as required by the statute, and whether defendant desired to keep

and maintain the north 30 rods of the east line as a wind-break and had given plaintiff notice thereof, and whether plaintiff trimmed defendant's portion of the hedge to a height of less than 4 feet and if so whether any damage was occasioned thereby, were all questions of fact for the determination of the jury upon the consideration of all the evidence in the case and the jury by its verdict determined these issues in favor of the plaintiff, and unless their verdict is clearly and manifestly against the weight of the evidence it should not be disturbed by this court.

Upon the contention of defendant that the trimming of the hedge by plaintiff in the fore part of 1905 did not require him to trim his hedge prior to the 15th day of June that year, we do not so construe this statute. The statute provides that every owner shall during the year after such hedge has attained the age of seven years cut back or trim said hedge, etc., and the plaintiff having trimmed or cut his hedge prior to May 19, 1905, the statute then authorized him to serve notice upon defendant to trim his hedge, as required by statute, on or before the 15th day of June, and this statute required defendant to so trim his hedge on or before that time and if he failed or refused to do so then the plaintiff who had complied with the statute was authorized under the notice served upon defendant to trim the defendant's hedge under the provisions of the statute any time thereafter at the expense of the defendant. Plaintiff made no attempt to trim the hedge of the defendant until the 3d day of August, and defendant having been in default in failing and refusing to comply with the provisions of the statute by the 15th day of June, the statute authorized the plaintiff to trim the defendant's hedge in accordance with the provisions thereof and defendant is liable for the expense thereof.

We are of the opinion that the evidence fully warranted the jury in returning the verdict which they did. The judgment is affirmed.

*Affirmed.*